UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| eHealthinsurance Services, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Healthpilot Technologies LLC, David Francis, Harpal Harika, Eric Howell, Seth Teich, Guangnian Zhang, David Nicklaus and Himanshu Rastogi, <br><br> Defendants. | Case No. 21-cv-4061-YGR <br><br> **Order Granting Preliminary Injunction And Directing Expedited Discovery; Directing Further Statement Re: Motion To Compel Arbitration** <br><br> (Dkt. No. 2) |

Plaintiff eHealthinsurance Services, Inc. ("eHealth") filed a complaint alleging breach of contract and trade secret misappropriation, as well as a motion for preliminary injunction and a request for expedited discovery against defendants Healthpilot Technologies LLC ("Healthpilot"), David Francis, Harpal Harika, Eric Howell, Seth Teich, Guangnian Zhang, David Nicklaus and Himanshu Rastogi. (Dkt. Nos. 1, 2, 4.)

On July 13, 2021, eHealth's motion came on for hearing. The Court directed the parties to file supplemental submissions regarding their positions on a protocol for discovery and handling of electronically stored information, which they filed on July 14, 2021. (Dkt. No. 55.) Plaintiff was also directed to submit a statement on its position as to the pending motion to compel arbitration, filed by defendants on July 12, 2021. (Dkt. No. 50.) Plaintiff filed its statement on July 15, 2021. (Dkt. No. 56.)

The Court, having carefully considered the papers and pleadings on file, the evidence submitted in support and in opposition, and the arguments of the parties, and for the reasons stated on the record and below, **Grants** a Preliminary Injunction on the terms set forth herein.

Pursuant to Federal Rule of Civil Procedure 65, the Court may grant preliminary injunctive

relief in order to prevent irreparable injury. To establish a right to a preliminary injunction, a plaintiff must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that eHealth has established each element required for a preliminary injunction.

eHealth has presented substantial evidence establishing a likelihood of success on its claims that the Individual Defendants breached their employment agreements, misappropriated eHealth's trade secrets, and used eHealth's confidential and trade secret information.

Defendants Harpal Harika, Eric Howell, David Francis, Seth Teich, Himanshu Rastogi, Guangnian Zhang, and David Nicklaus (collectively, "the Individual Defendants") entered into Proprietary Information and Inventions Agreements that required them to keep eHealth's confidentiality and proprietary information confidential, not to use or disclose eHealth's confidential and proprietary information except for the benefit of eHealth, and to return eHealth's property and information at the end of their employment with eHealth. (Billings Decl., ¶ 8, Exhs. 1-6.)

eHealth presented evidence that the Individual Defendants breached their employment agreements by copying and/or sharing eHealth's proprietary information for their own use and purpose, by failing to return those materials to the company upon termination of their employment, and in some cases by disclosing and using that information in a manner adverse to eHealth. (*See* Ackert Decl., ¶¶ 20-23; Hannan Decl., ¶¶ 9-13, Exhs. A-F.; Supp. Hannan ¶¶ 9, 10, Exh. 1.)

Plaintiff eHealth further offered evidence that the materials taken by Individual Defendants contained trade secret information. To prevail on the merits of a trade secret misappropriation claim, a plaintiff must demonstrate that it has protectable trade secrets and that defendant misappropriated those trade secrets. *See MAI Sys. Corp. v. Peak Computer*, 91 F.2d 511, 522 (9th Cir. 1993); *AMN Healthcare, Inc. v. Aya Healthcare Servs., Inc.*, 28 Cal.App.5th 923, 942 (2018) ("A cause of action for misappropriation of trade secrets requires a plaintiff to show the plaintiff owned the trade secret; at the time of misappropriation, the information was a trade secret; the

2

defendant improperly acquired, used, or disclosed the trade secret; the plaintiff was harmed; and the defendant's acquisition, use, or disclosure of the trade secret was a substantial factor in causing the plaintiff harm."); Cal. Civ. Code § 3426.1; 18 U.S.C. § 1839.  Here, the Court finds that eHealth has described its trade secrets in detail, including by specifically identifying documents downloaded or saved in internet-based storage.  (*See* Hannan Decl., ¶¶ 4-5, 9(a)-(c), 12, 13, Exhs. A-F; Chau Decl., ¶¶ 2, 4, Exhs. A and B; Shasha Decl., ¶ 5, Exh. A; Ackert Decl., ¶ 22(b)); Romeo Decl. Exh. 1 [Section 2019.210 disclosure statement].)  eHealth has also offered evidence that it uses reasonable measures to keep this information confidential.  (Billings Decl., ¶¶ 7-8.) Further, eHealth has offered evidence to show that the individual defendants took eHealth's trade secrets without authorization and, in some cases, shared and disclosed that information, apparently for the benefit of defendant Healthpilot.  (Hannan Decl., ¶¶ 9-13, Exhs. A-C, F; Chau Declaration, ¶¶ 4-5, Exhs. A-B; Billings Decl., ¶ 9(c); Shasha Decl., ¶ 5, Exh. A; Ackert Decl., ¶ 22(b).)

eHealth has further presented evidence to show that it would be irreparably harmed in the absence of an injunction.  eHealth's evidence indicates that the Individual Defendants took significant amounts of confidential and proprietary information that could be used by them and defendant Healthpilot, their current employer, to compete unfairly against eHealth.  Indeed, defendants concede that at least some of plaintiff's information has been used to inform its competing business.  (*See* Oppo. at 7:1-15 [eHealth's guide for onboarding insurance carriers was taken by defendant Nicklaus and shared with defendants Francis, Teich, and Healthpilot].)

Accordingly, the Court finds that eHealth is likely to succeed on its breach of contract and trade secret misappropriation claims and that eHealth is likely to suffer irreparable harm absent preliminary relief.

The Court further finds that the balance of the equities and public interest factors favor preliminary injunctive relief.  eHealth has made an unrebutted showing that the Individual Defendants have no right to possess, use, or disclose its confidential and trade secret information and have a contractual duty to return such information to the company.  Here, the preliminary injunction would require Defendant to do "no more than abide by trade laws and the obligations of contractual agreements signed with her employer."  *See Henry Schein, Inc. v. Cook*, 191

3

F.Supp.3d 1072, 1077-78 (N.D. Cal. 2016) (finding "public interest is served when defendant is asked to do no more than abide by trade laws and the obligations of contractual agreements signed with her employer"); *Comet Techs. United States of Am. Inc. v. Beuerman*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2018) (balance of the equities favors plaintiff where injunctive relief "'would essentially only require him to abide by existing law regarding the unauthorized use of another's trade secrets'") (quoting *Pyro Spectaculars N., Inc. v. Souza*, 861 F. Supp. 2d 1079, 1092 (E.D. Cal. 2012)).

Based upon the foregoing, the motion for preliminary injunction and for expedited discovery is **GRANTED**.

Because the order here enjoins defendants from using or disclosing eHealth's confidential and proprietary information and to work in good faith to restore that confidential and proprietary information to eHealth, the Court finds that the likelihood of loss or damage to defendants on account the injunction is not likely to be high if the injunction is later determined to have been granted improvidently. Therefore, a bond of $10,000, to account of costs incurred in complying with the ESI protocol is sufficient.

## PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED THAT:**

1. Defendants, and those acting in concert with them, are hereby enjoined from: (i) using, disclosing, exploiting, transmitting, copying, or accessing, either directly or indirectly, any eHealth confidential, proprietary, and/or trade secret information (collectively the "Confidential Information") in any way, regardless of where stored or copied; and (ii) deleting or manipulating any Confidential Information or other data copied or taken from eHealth, regardless of whether it is stored on an electronic device, internet or cloud-based storage or email account, or in any other format.

2. Defendants are ordered, within five (5) days, to: (i) immediately turn over to eHealth any and all hard copies of any documents containing any eHealth Confidential Information in their possession, custody, or control; (ii) make available all of their electronic data storage system(s) and/or personal computer(s), including but not limited to computers (including

4

those computers issued by eHealth), hard drives, USB storage devices, cloud based data storage systems, smart phones, and any other electronic storage device(s) (together with log-ons and passwords for each) to an independent third party forensic analyst to create a forensic image to (a) preserve data; and (b) verify if the Individual Defendants and/or Healthpilot are in possession, custody, or control of eHealth's Confidential Information, and to determine whether and how such information may have been copied, altered, used, or deleted.  The forensic examination shall be conducted pursuant to the Order Re: Discovery of Electronically Stored Information and Forensic Inspection Protocol, entered by the Court this date.

3. Defendants are ordered to preserve all evidence, whether electronic or otherwise, related in any way to this matter.

4. Within three (3) days of the issuance of this Order, eHealth shall post a bond in the amount of **$10,000.00** and file with the Court proof of issuance of such bond.  The injunction described above shall be effective immediately upon the posting of this bond.

### EXPEDITED DISCOVERY

The Court directs the parties to engage in expedited discovery pursuant to the Fed. R. Civ. P. 34.  Specifically, eHealth is entitled to expedited discovery as follows:

- One set of fifteen document inspection requests *total*, with no subparts to which defendants shall provide substantive responses within seven (7) days of service; and
- One set of fifteen interrogatories *total,* with no subparts, to which defendants shall provide substantive responses within seven (7) days of service.
- Defendants each shall submit to depositions of *no more than four hours each* within fourteen (14) days of issuance of this Order or on such dates agreed to by the parties.

To the extent this matter is compelled to arbitration, the arbitrator shall have the authority to modify this order for expedited discovery without further Order of the Court.

### FURTHER ORDERS

6. Plaintiff eHealth has indicated in its filing of July 15, 2021 that it "may be willing to agree to a voluntary global arbitration of all claims after the Preliminary Injunction is issued" and that the parties were "negotiating the details of such an arbitration but have not yet come to a

final agreement." (Dkt. No. 56.) Plaintiff eHealth is **ORDERED** to file a supplemental notice or stipulation regarding the pending motion to compel arbitration within three (3) business days of issuance of this Order.

This terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: July 20, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**